MEYERS LAW GROUP, P.C.
MERLE C. MEYERS, ESQ., CA Bar #66849
EDIE WALTERS, ESQ., CA Bar #262730
D. CLARKE SUGAR, ESQ., CA Bar #251681
44 Montgomery Street, Suite 2900
San Francisco, CA 94104
Telephone: (415) 362-7500
Facsimile: (415) 362-7515

Attorneys for Plaintiffs Clement C. and
Ann Marie Carinalli, Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>CLEMENT C. CARINALLI; and ANN MARIE CARINALLI,<br><br>Debtors. | Case No. 09-12986<br><br>Chapter 11 |
| CLEMENT C. CARINALLI; and ANN MARIE CARINALLI,<br><br>Plaintiffs,<br><br>vs.<br><br>JP MORGAN CHASE BANK, N.A.; CHASE HOME FINANCING, INC.; CHASE HOME FINANCING, LLC; and FIELD SERVICES, INC.<br><br>Defendants. | A.P. No. _____ |

**COMPLAINT FOR (1) DECLARATORY RELIEF; AND (2) CONTEMPT DAMAGES FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY**

CLEMENT C. CARINALLI and ANN MARIE CARINALLI, the debtors-in-possession and the plaintiffs herein (the "Debtors"), bring this complaint (the "Complaint") against JP MORGAN CHASE BANK, N.A., CHASE HOME FINANCING, INC., CHASE HOME FINANCING, LLC, and FIELD SERVICES, INC., the defendants herein (collectively, the "Defendants"), based on the

-1-
COMPLAINT FOR (1) DECLARATORY RELIEF; AND (2) CONTEMPT
DAMAGES FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY
24742.DOC

Case: 10-01022    Doc# 1    Filed: 02/24/10    Entered: 02/24/10 10:15:31    Page 1 of 9

Defendants' willful violations of the automatic stay provisions of Section 362(a) of Title 11 of the United States Code (the "Bankruptcy Code"), and allege as follows:

**JURISDICTION**

1. The Court has jurisdiction over this proceeding which arises in a case under the Bankruptcy Code and concerns actions involving the Debtors, pursuant to Section 1334 of Title 28 of the United States Code.

2. This is a core proceeding and this Court has jurisdiction over this action under Sections 1134, 157(b)(1) and 157(b)(2)(A) and (O) of Title 28 of the United States Code.

3. The venue of this adversary proceeding is properly before this Court pursuant to the provisions of Section 1409 of Title 28 of the United States Code.

4. The Debtors, husband and wife, are individuals currently residing in Santa Rosa, California, and are the debtors-in-possession in the above-captioned chapter 11 case commenced on September 14, 2009.

5. Defendant JP Morgan Chase Bank, N.A. ("Chase 1") is a bank headquartered in New York, New York.

6. Defendant Chase Home Financing, Inc. ("Chase 2") is a subsidiary of Chase 1, and is headquartered in Massapequa, New York.

7. Defendant Chase Home Financing, LLC ("Chase 3," and collectively with Chase 1 and Chase 2, the "Chase Defendants") is a subsidiary of Chase 2, and is headquartered in Edison, New Jersey.

8. Defendant Field Services Inc. ("Field," or collectively with the Chase Defendants, the "Defendants"), is an independent contractor for the Chase Defendants, and is headquartered in Canton, Georgia.

**GENERAL ALLEGATIONS**

9. On September 14, 2009 (the "Petition Date"), three creditors (collectively, the "Petitioners") filed an involuntary petition (the "Petition") against Clement C. Carinalli, one of the Debtors, seeking commencement of a case under chapter 7 of the Bankruptcy Code.

10. Pursuant to stipulation between the Debtors and the Petitioners, on September 29,

-2-
COMPLAINT FOR (1) DECLARATORY RELIEF; AND (2) CONTEMPT
DAMAGES FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY
24742.DOC

Case: 10-01022    Doc# 1    Filed: 02/24/10    Entered: 02/24/10 10:15:31    Page 2 of 9

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

2009, the Bankruptcy Court entered an Order for Relief in Chapter 11 (the "Order for Relief"). The Order for Relief provided that both of the Debtors became joint debtors-in-possession under chapter 11 of the Bankruptcy Code.

11. The Debtors' chapter 11 estate (the "Estate") contains numerous real properties, among which are properties as to which one or more of the Defendants hold security interests, based on acquisition financing provided by their predecessor in interest, Washington Mutual, N.A. ("WaMu"). A complete list of such properties as to which the Defendants hold security interests (collectively, the "Subject Properties") is attached hereto as **"Exhibit A."**

12. Section 362(a) of the Bankruptcy Code (the "Automatic Stay") provides in part as follows:

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 [Involuntary cases] of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 197, operates as a stay, applicable to all entities, of – …(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; (4) any act to create, perfect, or enforce against property of the debtor any lien against property of the estate; (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title…

13. In accordance with the preceding statute, the Automatic Stay took effect on September 14, 2009, the Petition Date, in the Debtors' chapter 11 case.

14. Each of the Subject Properties is property of the Estate, pursuant to the provisions of Section 541(a) of the Bankruptcy Code.

15. Since the Petition Date, the Defendants have repeatedly taken actions intended to obtain possession, exercise control over, and enforce liens against the Subject Properties.

16. Such actions constitute willful violations of the Automatic Stay.

17. On October 7, 2009, the Debtors received written correspondence from WaMu acknowledging receipt of the bankruptcy notice, and informing the Debtors that their accounts were now being monitored by WaMu's Bankruptcy Department. A copy of this correspondence is attached hereto as **"Exhibit B."**

18. Despite the imposition of the Automatic Stay, and the Defendants' tacit

acknowledgment regarding the pendency of a bankruptcy case, however, the Defendants caused both written and oral demands to be made upon the Debtors after the Petition Date, in an attempt to collect outstanding obligations incurred prior to the Petition Date.

19. Each of those attempts and demands, once received by the Debtors, has prompted requests by the Debtors that the Defendants cease and desist from making demands, all to no avail.

20. On December 22, 2009, the Debtors' property manager found written notices from Field, an independent contractor for the Chase Defendants, attached to the doors of the following properties inquiring whether they were vacant.

- 914 Kingwood Street, Santa Rosa, California 95401 (Loan No. 0080327281);
- 919 Kingwood Street, Santa Rosa, California 95401 (Loan No. 0101028553);
- 929 Kingwood Street, Santa Rosa, California 95401 (Loan No. 0080336076);
- 936 Kingwood Street, Santa Rosa, California 95401 (Loan No. 0080339096); and
- 7170 Burnett Avenue, Santa Rosa, California 95401 (Loan No. 0080320302)

An example of those notices is attached hereto as **"Exhibit C."**

21. The notices advised the Debtors that the properties may be "secured" by the Defendants through changing locks, boarding up windows, and/or winterizing the plumbing, at the Debtors' expense, should the Debtors fail to immediately contact a representative at the number provided.

22. Immediately upon receipt of such notices, the Debtors' property manager called and advised Field that the properties were not abandoned, but were simply in the tenant turnover process.

23. On December 24, 2009, the Debtors sent written correspondence to the Defendants providing further notice of the pendency of the Debtors' chapter 11 case and the Automatic Stay therein, and attaching a list of the properties protected by the Automatic Stay. A copy of this correspondence is attached hereto as **"Exhibit D."**

24. Thereafter, the Debtors received written correspondence from the Chase Defendants, dated December 24, 2009, stating that they had received notification that the properties were vacant and stating again that actions to "secure" the properties, as described above, would be taken unless

-4-
COMPLAINT FOR (1) DECLARATORY RELIEF; AND (2) CONTEMPT
DAMAGES FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY
24742.DOC
Case: 10-01022    Doc# 1    Filed: 02/24/10    Entered: 02/24/10 10:15:31    Page 4 of 9

immediate notification was provided. A copy of this correspondence is attached hereto as **"Exhibit E."**

25. On December 22, 2009, the Debtors' property manager discovered that, despite recurring notices regarding the pendency of the Debtors' chapter 11 case, one of the Subject Properties had undergone lock replacement at the Defendants' behest. The Defendants' actions, in complete defiance of the Automatic Stay, not only subjected the Debtors to extreme embarrassment during subsequent attempts to lease the Subject Properties, but also forced the Debtors to incur additional expenses to refit the locks.

26. On December 29, 2009, the Debtors received multiple documents entitled "Notice of Collection Activity," declaring certain loans made by the Chase Defendants to be in default and threatening acceleration of the entire outstanding balance of the loans pertaining to the following properties, all of which properties are properties of the Estate:

- 914 Kingwood Street, Santa Rosa, California 95401 (Loan No. 0080327281);
- 919 Kingwood Street, Santa Rosa, California 95401 (Loan No. 0101028553);
- 416 King Street, Santa Rosa, California 95401 (Loan No. 0623556560);
- 420 Brookwood Avenue, Santa Rosa, California 95401 (Loan No. 0623556594);
- 213 Willow Street, Santa Rosa, California 95401 (Loan No. 0627655236);
- 2136 Franklin Avenue, Santa Rosa, California 95404 (Loan No. 0627655251);
- 7 10th Street, Santa Rosa, California 95401 (Loan No. 0627655319);
- 936 Kingwood Street, Santa Rosa, California 95401 (Loan No. 0080339096);
- 3917 Stony Point Road, Santa Rosa, California 95401 (Loan No. 0627655293);
- 170 Shiloh Road, Windsor, California 95492 (Loan No. 0623556610);
- 7800 Hembree Lane, Windsor, California 95492 (Loan No. 0648695096); and
- 3990 Wallace Road, Santa Rosa, California 95404 (Loan No. 0626412068)

Copies of the Notices of Collection Activity are attached hereto as **"Exhibit F"**.

27. On December 30, 2009, the Debtors, through counsel, contacted representatives of the

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

Defendants again and informed them of the pendency of the Debtors' chapter 11 case, advised them that their actions were in violation of the Automatic Stay, and asked what actions, if any, could ensure a cessation of all future collection activities. During that conversation, the Chase Defendants' representative advised the Debtors to send written correspondence to the Chase Home Financing – Bankruptcy Department (the "Bankruptcy Department"), and were given their facsimile number and mailing address.

28. Immediately following the conversation, on December 30, 2009, the Debtors sent the written correspondence as requested to the Bankruptcy Department, again advising the Chase Defendants of the pendency of the Debtors' chapter 11 case and requesting a cessation of all collection efforts. A copy of this correspondence is attached hereto as **"Exhibit G."**

29. On January 13, 2010, the Debtors received written correspondence from McCarthy Holthus LLP, a firm retained by the Chase Defendants, further acknowledging the pendency of the Debtors' chapter 11 case and requesting authorization to establish direct contact with the Debtors to discuss available programs for curing loan defaults. A copy of this correspondence is attached hereto as **"Exhibit H."**

30. On January 28, 2010 the Debtors' property manager received a call from a tenant occupying 929 Kingwood Street, Santa Rosa, California 95401 stating that a private contractor for the Chase Defendants had visited the property in an effort to contact the Debtors. Upon inquiry, the tenant was informed that the Chase Defendants were attempting to take back the property.

31. On January 29, 2010, the Debtors received from the Defendants yet another batch of documents entitled "Notice of Collection Activity," wherein they were similarly advised that the following loans were in default and the entire balance would be accelerated if an immediate cure wasn't forthcoming:

- 929 Kingwood Street, Santa Rosa, California 95401 (Loan No. 0080336076);
- 950 Kingwood Street, Santa Rosa, California 95401 (Loan No. 0080340813); and
- 829 Davis Street, Santa Rosa, California 95401 (Loan No. 0627655152).

Copies of these Notices of Collection Activity are attached hereto as **"Exhibit I."**

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

32. On February 2, 2010, the Debtors, through counsel, sent yet another written correspondence to the Defendants urging them to adopt the necessary changes to ensure compliance with the Automatic Stay, and providing notice of their intent to pursue damages for both past and future violations, absent immediate cessation of collection efforts. A copy of this correspondence is attached hereto as **"Exhibit J."**

33. On February 5, 2010, in complete defiance of the Debtors' repeated notifications, pleas, and warnings, the Defendants sent to the Debtors another barrage of collection notices pertaining to the following properties:

- 904 Kingwood Street, Santa Rosa, California 95401 (Loan No. 0080321417);
- 905 Kingwood Street, Santa Rosa, California 95401 (Loan No. 0080322050);
- 906 Kingwood Street, Santa Rosa, California 95401 (Loan No. 0080322944);
- 913 Kingwood Street, Santa Rosa, California 95401 (Loan No. 0080326739);
- 918 Kingwood Street, Santa Rosa, California 95401 (Loan No. 0080328719);
- 920 Kingwood Street, Santa Rosa, California 95401 (Loan No. 0080329576);
- 925 Kingwood Street, Santa Rosa, California 95401 (Loan No. 0080335904);
- 935 Kingwood Street, Santa Rosa, California 95401 (Loan No. 0080338759);
- 948 Kingwood Street, Santa Rosa, California 95401 (Loan No. 0080339765);
- 961 Kingwood Street, Santa Rosa, California 95401 (Loan No. 0080341308); and
- 969 Kingwood Street, Santa Rosa, California 95401 (Loan No. 0080341688).

Copies of this correspondence are attached hereto as **"Exhibit K."**

34. Finally, on February 16, 2010, the Defendants sent an additional batch of collection notices (with may duplicates) pertaining to the following properties:

- 2136 Franklin Avenue, Santa Rosa, California 95401 (Loan No. 0627655251);
- 919 Kingwood Street, Santa Rosa, California 95401 (Loan No. 0101028553);
- 7 10th Street, Santa Rosa, California 95401 (Loan No. 0627655319);
- 936 Kingwood Street, Santa Rosa, California 95401 (Loan No. 0080339096);
- 213 Willow Street, Santa Rosa, California 95401 (Loan No. 0627655236);

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

Copies of this correspondence are attached hereto as **"Exhibit L."**

### FIRST CLAIM FOR RELIEF
### (Violation of the Automatic Stay under 11 U.S.C. § 362(a) (3), (4), (5) and (6))

35. The Debtors hereby incorporate in this First Claim for Relief each and every allegation set forth in paragraphs 1 through 32, inclusive, of this Complaint, as if each of those allegations were fully restated and set forth in this First Claim for Relief.

36. The Defendants, in seeking repayment on outstanding obligations incurred prior to the Petition Date, have willfully and repeatedly violated the prohibitions of the Automatic Stay in the Debtors' chapter 11 case.

37. The Defendants, in attempting to obtain possession of property of the Estate, and to exercise control over property of the Estate, have willfully and repeatedly violated the prohibitions of the Automatic Stay in the Debtors' chapter 11 case.

38. The Defendants, in interfering with the Debtors' possessory interests in the Subject Properties, have willfully and repeatedly violated the prohibitions of the Automatic Stay in the Debtors' chapter 11 case.

39. In doing the acts herein alleged, the Defendants have acted willfully or in reckless disregard of the Automatic Stay, and have acted with oppression and in bad faith, causing the Debtors general and specific damages, including without limitation loss of reputation and pecuniary losses.

40. Accordingly, the Debtors are entitled to exemplary and punitive damages, as well as general damages, pursuant to the provisions of Section 362 of the Bankruptcy Code, in an amount to be determined by this Court.

WHEREFORE, the Debtors pray for the relief set forth below.

### SECOND CLAIM FOR RELIEF
### (Declaratory Relief)

41. The Debtors hereby incorporate in this Second Claim for Relief each and every allegation set forth in paragraphs 1 through 38, inclusive, of this Complaint, as if each of those allegations were fully restated and set forth in this Second Claim for Relief.

42. This is an action for declaratory judgment pursuant to Section 2201 of Title 28 of the

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

United States Code, for the purpose of determining a question of actual controversy between the Debtors and the Defendants.

43. As asserted herein, the Debtors believe that the Defendants oral and written correspondence, property inspections, and inference with possessory interests, described hereinabove, constitute continuing violations of the Automatic Stay.

44. A judicial declaration is necessary and appropriate at this time and under the circumstances described herein so that it may be determined whether the acts described hereinabove constitute violations of the Automatic Stay, placing the Defendants in contempt of this Court, and justifying damages.

45. WHEREFORE, the Debtors pray for the relief described below.

## **PRAYER FOR RELIEF**

WHEREFORE, the Debtors pray that this Court:

A. Judgment against each of the Defendants determining that the Defendants' actions as described herein are violative of the prohibitions of Section 362(a) of the Bankruptcy Code;

B. Judgment against each of the Defendants, jointly and severally, for actual damages, reasonable attorney's fees, costs, and punitive and exemplary damages, pursuant to the provisions of Sections 105(a) and 362(h) of the Bankruptcy Code; and

C. For such further relief that the Court deems appropriate.

DATED: February 23, 2010

                                    MEYERS LAW GROUP, P.C.

                                    By:   /s/ Merle C. Meyers
                                        Merle C. Meyers, Esq.
                                        Attorneys for Plaintiffs Clement C. and
                                        Ann Marie Carinalli, Debtors